UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE RUTH SAVAGE,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>Defendant. | No. 2:16-cv-1591 AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§401-34.[2] For the reasons that follow, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion.

////

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on August 10, 2017). She is therefore substituted as the defendant in this action. See 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] DIB is paid to disable persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. §423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).

1

# I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits on March 8, 2013. Administrative Record ("AR") 11 (decision).[3] The disability onset date was alleged to be December 31, 2007. Id. The application was denied initially and on reconsideration. Id. On November 20, 2014, ALJ Lawrence J. Duran presided over the hearing on plaintiff's challenge to the denial. AR 24-59 (transcript). Plaintiff, who was represented by attorney William T. Tanoos, was present and testified at the hearing. James Graham, a vocational expert, also testified at the hearing.

On January 30, 2015, the ALJ issued an unfavorable decision, finding plaintiff "not disabled under Section 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§416(i), 423(d). AR 8-19 (decision), 20-23 (exhibit list). On May 12, 2016, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-7 (decision, additional evidence).

Plaintiff filed this action on July 11, 2016. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383(c)(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 8. The parties' cross motions for summary judgment, based upon the Administrative Record filed by the Commission, have been fully briefed. ECF Nos. 17 (plaintiff's summary judgment motion), 24 (Commissioner's summary judgment motion).

# II. FACTUAL BACKGROUND

Plaintiff was born on June 30, 1957, and accordingly was 50 years old on the alleged disability onset date, making her a "person closely approaching advanced age" under the regulations. AR 27; see 20 C.F.R. §§ 404.1563(d) (age as a vocational factor), 416.963(c) (same). Plaintiff has an 11th grade education, which is a "limited" education under the regulations. AR 27; see 20 C.F.R. §§ 404.1564(b)(3) (education as a vocational factor), 416.964(b)(3) (same).

# III. LEGAL STANDARDS

"[A] federal court's review of Social Security determinations is quite limited." Brown-

---

[3] The AR is electronically filed at ECF Nos.11-3 to 11-10 (AR 1 to AR 562).

Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015). The Commissioner's decision that a claimant is not disabled will be upheld "unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive…'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

"'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Garrison, 759 F.3d at 1009. "While inferences from the record can constitute substantial evidence, only those reasonably drawn from the record will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation and internal quotation marks omitted).

The court reviews the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Rounds v. Commissioner Social Security Admin., 807 F.3d 996, 1002 (9th Cir. 2015); Attmore v. Colvin, 827 F.3d 872, 875 (9th Cir. 2016) ("[w] we cannot affirm… "simply by isolating a specific quantum of supporting evidence.").

It is the ALJ's responsibility "to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." Brown-Hunter, 806 F.3d at 492 (internal quotation marks omitted). "Where the evidence is susceptible to more than on rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Thus, in reviewing the Commissioner's decision, this court does not substitute its discretion for that of the Commissioner. See Brown v. Hunter, 806 F.3d at 492 ("[f]or highly fact-intensive individualized determinations like a claimant's entitlement to disability benefits, Congress places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency") (internal quotation marks omitted).

The court may review "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Garrison, 759 F.3d at 1010. Finally, the court will not reverse the Commissioner's decision if it is based on

3

"harmless error," meaning that the error "is inconsequential to the ultimate nondisability determination…" Brown-Hunter, 806 F.3d at 492 (internal quotation marks omitted).

## IV. RELEVANT LAW

Disability Insurance Benefits are available for every eligible individual who is "disabled." 42 U.S.C. §§423(a)(1)(E). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment…'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., § 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., § 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., § 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., § 404.1520(a)(4)(v), (g).

4

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. § 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2012.
>
> 2. [Step 1] The claimant did not engage in substantial gainful activity during the period from her alleged onset date of Decemeber 31, 2007 through her date last insured of December 31, 2012 (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] Through the date last insured, the claimant had the following severe impairments: acute gastroenteritis, hypertension, sarcoidosis, cholelithiasis, enlarged mediastinal and hilar lymph nodes, chronic kidney (20 CFR 404.1520(c)).
>
> 4. [Step 3] Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Step 4] After careful consideration of the entire record, the undersigned finds that through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the claimant can lift and carry 50 pounds occasionally and 25 pounds frequently. The claimant can stand, walk, and sit for six hours in an eight-hour day.
>
> 6. [Step 4, cont.] Through the date last insured, the claimant was capable of performing past relevant work as a cashier II. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from December 31, 2007, the alleged onset date, through December 31, 2012, the date last insured (20 CFR 404.1520(f)).

AR 13-18.

////

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 18.

## VI. ANALYSIS

Plaintiff argues that the ALJ failed to articulate clear and convincing reasons for only partially crediting plaintiff's testimony. Plaintiff requests that the matter be reversed and remanded for the payment of benefits, or in the alternative, for further administrative proceedings. ECF No. 17 at 3. The Commissioner, in turn, argues that the ALJ's findings are supported by substantial evidence and are free from legal error. For the reasons discussed below, the court finds that the ALJ did not err in partially crediting plaintiff's subjective pain testimony. Accordingly, the court will grant the Commissioner's cross-motion for summary judgment.

### A. Credibility Determination

#### 1. Legal Standards

"In evaluating the credibility of a claimant's testimony regarding subjective pain, an ALJ must engage in a two-step analysis." Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009); see also Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citation omitted); see also Molina, 674 F.3d at 1112; Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010) ("Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." (internal quotation marks and citation omitted)). "Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Lingenfelter, 504 F.3d at 1036 (internal quotation marks and citation omitted); see also Molina, 674 F.3d at 1112; Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."

Berry, 622 F.3d at 1234 (internal quotation marks and citation omitted); see also Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

### 2. Analysis

In determining plaintiff's credibility, the ALJ failed to present any affirmative evidence that plaintiff was malingering, and was thus required to present "clear and convincing" reasons for partially rejecting plaintiff's testimony. Lester, 81 F.2d at 834.

The court finds that the ALJ did not err in finding plaintiff's pain testimony partially credible, because he offered specific, clear and convincing reasons for doing so. The ALJ offered four reasons in support of finding that plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms as not entirely credible": (1) plaintiff did not receive "on-going and continuous medical treatment"; (2) plaintiff's "alleged loss of function is not supported by objective medical findings"; (3) plaintiff's description of her daily activities are not limiting "to the extent one would expect, given the complaints of disabling symptoms and limitations"; and (4) plaintiff's "allegations are inconsistent with her medical record." AR 17.

First, the ALJ referenced plaintiff's minimal treatment record. For the relevant period of disability, there are two treatment records for 2007 (AR 223, 405), three for 2008 (AR 463, 552, 265-268), zero for 2009, two for 2010 (AR 432, 436), three for 2011 (AR 443, 452, 358-359), and zero treatment records for 2012. During the hearing, plaintiff also testified to severe and intense pain in her right leg and back that would have her missing work and would debilitate her "all day sometimes." AR 39-40. But when the ALJ asked at the hearing whether there were any treatment records for her leg and back problems, plaintiff's attorney stated "No." AR 41-42. Although plaintiff testified that she went to physical therapy for six months and that it did not help alleviate her pain, the ALJ noted that the record only contained evidence of one session. AR 15, 42-43, 436-438. It is well-established that an ALJ may discredit a plaintiff's testimony for lack of consistent treatment. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may properly rely on failure to seek treatment during "three or four month period" to discredit plaintiff's subjective complaints). Moreover, plaintiff does not contest the minimal nature of the treatment record. In light of the foregoing, plaintiff has not shown that the ALJ erred in discounting

plaintiff's credibility based in part upon the minimal treatment record.

Second, the ALJ found that plaintiff's alleged loss of function was not supported by objective medical findings. Here, the ALJ's finding that plaintiff is not entirely credible concerning the degree of her limitations is supported by substantial evidence. In assessing plaintiff's credibility, the ALJ noted plaintiff's back and leg pain but stated "there were no objective musculoskeletal findings to support her complaint." AR 15, 16. Furthermore, plaintiff testified that the severity of her leg and back pain would "sometimes [be] every day" and would last "about six hours" a day (AR 40-41). In reviewing the medical records, there were only two treatment records reflecting complaints of right leg pain and/or lower back in 2010 (AR 432, 436-438) and one treatment record in 2011 (AR 443). Moreover, the ALJ noted medical evidence consistent with cholelithiasis, chronic calculus cholecystitis, and acute gastroenteritis but that plaintiff was conservatively treated and eventually underwent surgery for her chronic calculous cholecystitis. AR 16, 223, 240-242, 552. As for plaintiff's history of sarcoidosis, medical records indicated "enlarged mediastinal and hilar lymph nodes" that was treated with local steroids. AR 265, 268, 452, 455.

Plaintiff argues that the ALJ erred in rejecting plaintiff's testimony based on a lack of objective medical evidence because "the regulations specifically prohibit rejecting subjective pain testimony solely on the basis of objective medical evidence." ECF No. 17 at 8. Plaintiff is incorrect. Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis. Burch, 400 F.3d at 681. In this case, the ALJ provided four separate reasons for rejecting plaintiff's testimony regarding the severity of her symptoms, thus the minimal objective findings in the record was a properly considered factor in assessing plaintiff's credibility. Id. Even if consideration of this factor was error, it was harmless in light of the other reasons given for the credibility assessment.

The ALJ also found that plaintiff's daily activities were inconsistent with her alleged symptoms and limitations. Evidence that a claimant engaged in certain daily activities can support an adverse credibility determination as long as (1) those activities contradicted the claimant's testimony; or (2) the claimant engaged in those activities for a substantial portion of

8

the day and they involved skills transferable to the workplace. Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ points to a number of plaintiff's activities, which include preparing meals for her friend and herself, caring for her personal hygiene, cleaning with the exception of mopping due to back pain, laundry, shopping for groceries but with the exception of being able to only carry light items, watching television, spending time with her grandkids, socializing with family, attending church for two hours, and utilizing a cane for a period, partially undermined her testimony regarding her disabling symptoms and limitations. AR 16. The ALJ's description regarding plaintiff's attendance in church mischaracterizes the pain plaintiff testified she experienced. AR 38-39. Although plaintiff would attend church twice a week for two hours, she could not kneel or stand due to her leg and back pain. Id. Although she required the use of her cane, plaintiff only used the cane for two years "off and on." Id. However, the ALJ's finding that plaintiff's pain testimony is partially credible because it is contradicted by her daily activities is supported by substantial evidence. The inconsistency of plaintiff's own statement and her activities of daily living were properly considered by the ALJ in evaluating her credibility.

Lastly, the ALJ also found plaintiff's allegations were inconsistent with her medical record. The ALJ noted that plaintiff testified to severe leg and back pain that prevented her from being able to get out of bed and ultimately led to plaintiff losing her job, yet the treatment records indicated her extremities were within normal limits and she had a "normal range of motion," "normal strength," and "no swelling." AR 17, 453-455. Moreover, plaintiff had "intact sensory function, no focal defects, and normal deep tendon reflexes." Id. The ALJ's decision does more than simply assert the medical evidence in support of plaintiff's testimony is insufficient, it points specifically to reports that cast doubt upon her claims. Plaintiff does not explain why these records do not constitute a specific, clear and convincing reason to find plaintiff's testimony lacks credibility. Indeed, the court finds that the cited medical evidence adequately supports the ALJ's credibility determination.

Accordingly, the ALJ provided specific, clear, and convincing reasons for finding plaintiff's testimony partially credible, reversal is not warranted on this ground.

////

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 24), is GRANTED; and

3. The Clerk of the Court is directed to close the case.

DATED: September 8, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE